JS-6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 15-00217-VAP (KKx)                          Date:  February 10, 2015

Title:   U.S. BANK NATIONAL ASSOCIATION, etc. -BC4 -v- STANDFORD E. MARTIN, et al.
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                           None Present
    Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                       ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                         None

PROCEEDINGS:         MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On November 18, 2014, Plaintiff U.S. Bank National Association, as Trustee for the Holder of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 ("U.S. Bank"), filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendants Stanford E. Martin and Deborah Anderson ("Defendants") in case number UDFS 1480288.  (See Not. of Removal (Doc. No. 1) Ex. A.)   On February 5, 2015, Defendants, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that U.S. Bank violated the

EDCV 15-00217-VAP (KKx)
U.S. BANK NATIONAL ASSOCIATION, etc. v. STANDFORD E. MARTIN, et al.
MINUTE ORDER of February 10, 2015

Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal at 3.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    Defendants argue that U.S. Bank's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201."  (Not. of Removal at 3.)  Specifically, Defendants contend that U.S. Bank violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse.  (Id.)  Accordingly, Defendants contend that U.S. Bank's violation of federal law confers this Court with federal question jurisdiction.

    Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, U.S. Bank's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013).  In other words, U.S. Bank is barred from suing Defendants under the PTFA.  Thus, the argument that

**EDCV 15-00217-VAP (KKx)**
**U.S. BANK NATIONAL ASSOCIATION, etc. v. STANDFORD E. MARTIN, et al.**
**MINUTE ORDER of February 10, 2015**

U.S. Bank has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.  As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See <u>Cooper v. Washington Mut. Bank</u>, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

  **IT IS SO ORDERED.**